## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ELMER ADALY PONCE PINEDA <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> PLAINTIFF, <br><br> v. <br><br> COCO RICO, INC. <br> 6701 Franconia Road, Unit R <br> Springfield, Virginia 22150 <br><br> SERVE: Joseph Asmar <br> 6701 Franconia Road, Unit R <br> Springfield, Virginia 22150 <br><br> And <br><br> JOSEPH ASMAR <br> 6701 Franconia Road, Unit R <br> Springfield, Virginia 22150 <br><br> DEFENDANTS | Case No: |

## COMPLAINT

Plaintiff Elmer Adaly Ponce Pineda ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Coco Rico, Inc. ("Coco Rico") and Joseph Asmar ("Mr. Asmar") (together, "Defendants"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in an action under the FLSA and for relief as set forth herein.

2. Coco Rico is a corporation formed under the laws of the Commonwealth of Virginia.

3. At all times relevant to this action, Coco Rico operated continuously as a restaurant in Springfield, Virginia.

4. At all times relevant to this action, Mr. Asmar, individually, was the primary owner and managing officer of Coco Rico. In this capacity, Mr. Asmar individually was in charge of Coco Rico's business operation. Further, during the relevant time period, Mr. Asmar individually was Plaintiff's most senior supervisor and manager and made all decisions or directed the decision making relating to Plaintiff's schedule, Plaintiff's weekly hours worked, Plaintiff's rate and method of compensation, and Mr. Asmar individually kept and maintained or caused to be kept or maintained all employment records relating to Plaintiff.

5. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00 and used in business operations goods and materials (in particular food products that were used and handled by Plaintiff and other employees in the course of their work duties) that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

6. At all times, both Defendants legally qualified as Plaintiff's employers under FLSA.

7. Jurisdiction and Venue is proper in this Court because it is predicated upon a Federal Question and more specifically Plaintiff's cause of action against Defendants seeking relief under the FLSA arising out of acts and omissions occurring primarily in and around Springfield, Virginia.

## FACTS

8. Plaintiff was employed by Defendants as a cook for the period of about 2012 through about August 2017 (150 weeks in the 3-year statutory recovery period).

9. For the period of his employment, Plaintiff's exact schedule varied slightly from week to week.

10. While employed, Plaintiff typically and customarily worked about seventy-seven (77) hours per week under the following schedule: Monday: 9:00 AM – 10:00 PM (30-minute lunch); Tuesday: 8:00 AM – 10:00 PM (30-minute lunch); Wednesday: 8:00 AM – 10:00 PM (30-minute lunch); Thursday: 8:00 AM – 10:00 PM (30-minute lunch); Friday: 8:00 AM – 10:00 PM (30-minute lunch); Saturday: 8:00 AM – 3:00 PM (no lunch period); and Sunday: No work.

11. While employed, Defendants paid Plaintiff as an hourly employee.

12. While employed, Plaintiff's hourly rate began at $8.50 per hour and, through periodic raises, concluded at about $12.00 per hour.

13. Defendants violated the FLSA time-and-one-half overtime pay requirement because Defendants paid Plaintiff straight pay at his regular hourly rate for all hours Plaintiff worked each week including overtime hours worked over forty (40) per week.

14. At all times, Defendants were fully aware of the FLSA overtime pay requirement.

15. During the period of Plaintiff's employment, Defendants willfully attempted to circumvent the FLSA overtime law by paying Plaintiff partially (about 20 – 30 hours per week) by payroll and paying Plaintiff the balance of his weekly wages by non-payroll company check and/or cash.

16. Defendants now owe Plaintiff his unpaid "half time" overtime wage premiums for all hours he worked over forty (40) per week.

17. For the 3-year statutory recovery period, Defendants owe Plaintiff unpaid FLSA overtime wages in the amount of about thirty thousand dollars ($30,000.00).

18. Defendants' failure to pay Plaintiff overtime wages as required by law was not the result of any good faith mistake or omission.

19. At all times, Defendants had knowledge that Plaintiff was owed time-and-one-half wages for hours worked over forty (40) per week.

20. Defendants' failure to pay Plaintiff wages as required by the FLSA was willful and knowing.

## CAUSES OF ACTION
### (Violation of Federal Fair Labor Standards Act)

21. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

22. As set forth above, while in Defendants' employ, Plaintiff regularly and customarily worked overtime in excess of forty (40) hours per week.

23. As set forth above, while in Defendants' employ, Defendants failed to compensate Plaintiff at the FLSA required rate for overtime hours worked over forty (40) per week.

24. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid required FLSA wages in the amount of thirty thousand dollars ($30,000.00) or in such other amount as is proven at trial, plus an equal amount ($30,000.00) in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*